Davis, J.
The relator is imprisoned in the penitentiary of this state under a sentence imposed on the first day of July, 1889, by the court of common pleas of Montgomery county. He was tried, convicted and sentenced under an indictment for burglary and larceny, and for being an habitual criminal. The return and answer of the respondent shows that the relator was found guilty as charged of burglary and larceny, and that he was adjudged to be imprisoned and confined in the penitentiary of this state and kept at hard labor for three years; and that having also been found guilty of being an habitual criminal, it was “adjudged by the court that on the expiration of the term for which he has *27 heretofore been sentenced, he shall not be discharged from imprisonment in the penitentiary, but-shall be detained there during his natural life as provided in section two of an act passed May 4, 1885, and found in Vol. 82 O. L., 237.” The act here referred to was known as section 7388-11, Eevised Statutes, and it was repealed May 6, 1902, 95 O. L., 410. The relator demurs to the answer and insists that, the “habitual criminal act” having been repealed, there is no longer any warrant for detaining him under his sentence as an habitual criminal, his sentence for burglary and larceny having expired.
The relator was legally tried, convicted, sentenced and committed, under a valid statute. Blackburn v. State, 50 Ohio St., 428. Not only is the case res ad judicata and beyond the'reach of the courts, but it is in process of- execution as a final judgment. If the courts could resume jurisdiction and interfere with the execution of sentence, after regular procedure, judgment and commitment under sentence, there could be no final judgment and no end to a legal controversy. The legislature cannot intervene and vacate the judgment of the courts either directly, or indirectly by repeal of a statute under which the judgment was rendered, because that would be an exercise of judicial and not of legislative power. 1 Black on Judgments, section 298. “Legislative action cannot be made to retroact upon past controversies, and to reverse decisions which the courts, in the exercise'of their undoubted authority, have made; for this would not only be the exercise of judicial power, but it would be its exercise in the most objectionable and offensive form, since the legislature would in effect sit as a court of review to which parties might appeal when *28 dissatisfied with the rulings of the courts.” Cooley on Constitutional Limitations (7 ed.), 136. The only remedy left to the adjudged criminal, if the-case calls for any remedy, is a resort to the pardoning power which is vested in the executive. The' repeal of a statute which authorizes a prosecution, and conviction, if before final judgment, ends all proceedings under it unless a contrary intent appears in the repealing statute; but a repeal after-final judgment will neither vacate the judgment nor arrest the execution of the sentence. This view of' the law is fully sustained by the authorities cited by the counsel for the respondent, and after diligent, search we have not been able to find any to the contrary.
It is further argued in behalf of the relator that, by virtue of the statute which is now repealed,, he acquired, along with the sentence, a substantial and irrepealable right, the right to a parole, at the discretion of the board of managers which still adheres to the prisoner, notwithstanding that the statute has been repealed. The weakness of this argument is exposed when we consider the nature and. purpose of this statutory provision.
In State v. Peters, 43 Ohio St., 629, this court, held that this statute (section 7388-11, Revised Statutes) was constitutional and that it did not interfere with the executive or judicial departments of' the state government, and the court so held for the-reason that, the statute did not undertake to confer upon a prisoner the right to a pardon, absolute or conditional, nor to commute the sentence, nor to' modify the sentence by shortening the term or by discharging the prisoner. The court construed, this statute as being merely a “disciplinary regula *29 tion,” which was clearly within the power and discretion of the legislature to make or not to make. As a disciplinary regulation it would no more confer a vested right upon the prisoner than would any other rule or regulation which may be promulgated from time to time for the regulation of prisons and prisoners. It is not an essential part of the prisoner’s sentence, and in its very nature and object it is subject to modification or repeal. And for the reason that it is not a part of the sentence, but extraneous to it, because it is only a tentative rule for prison government, a repeal of such legislation neither takes away, any right of the prisoner nor in any manner affects his sentence theretofore made and put into execution. The prisoner still has the right to appeal to executive clemency for a pardon, .and until a pardon shall be granted a sentence lawfully made and carried into effect under a valid statute must be enforced, although the statute has been repealed.

Demurrer overruled and tvrit refused.

Spear, C. J., Shauck, Price and Crew, JJ., concur.
Summers, J., not participating.